**Nos. 16-4091, 16-4098**

**United States Court of Appeals
for the Tenth Circuit**

_____

Utah Republican Party,

*Plaintiff-Appellant*,

Utah Democratic Party,

*Plaintiff Intervenor*,

v.

Spencer J. Cox, in his official capacity as Lieutenant Governor of Utah

*Defendant-Appellee*

_____

Appeal from the United States District Court for the District of Utah
Civil Case No. 2:16-cv-00038 (Judge David Nuffer)

_____

**Motion to File Oversized
Rehearing and Rehearing *En Banc* Petition**

_____

Appellant Utah Republican Party moves to increase the word limit for its forthcoming petition for rehearing and rehearing *en banc* by 1,000 words—from 3,900 to 4,900 words. The petition will be filed on April 18, 2018, as previously authorized by the Clerk.

Here there are "compelling and extraordinary" reasons for the increased word count—namely, a second and extremely important First

Amendment issue that is embedded in the opinion of the panel majority. *See* Tenth Cir. R. 28.3. Moreover, given undersigned counsel's very recent retention, it would have been impossible to identify the need for the additional words fourteen or more days before the filing of the petition. *Cf. id.* While counsel for appellee Spencer J. Cox opposes this motion, Plaintiff-Intervenor Utah Democratic Party has indicated it does not oppose this request.

1.  The panel decision in this case was released on March 20, 2018. The majority and Chief Judge Tymkovich's dissent were each approximately 47 pages long. On its face, the decision obviously presented one issue of great importance to the Party and all political parties in the Tenth Circuit, one richly meriting *en banc* review:

> Does the First Amendment permit a government to require an objecting political party to select its candidates through a primary rather than a caucus system, despite evidence that the measure was designed to affect the types of candidates selected and, hence, the party's message?

In light of the importance of this issue and of the panel's decision, the party retained undersigned counsel. Given that counsel was not retained until nearly two weeks after the decision, counsel filed a motion for extension on April 2, 2018—immediately after being retained. The

2

clerk granted the extension, and the *en banc* petition will be filed on its present due date, April 18, 2018.

However, since that request, counsel has determined that a major premise of the majority's decision also independently merits *en banc* review. The majority's opinion asserted that the duly constituted leadership of the Party has no associational rights, and no standing to assert the impact of an election-related law on the Party, because the Party is also composed of individual members. The majority thus concluded that "the associational rights of the party are not severely burdened when the will of those [Republican] voters might reflect a different choice than would be made by the party leadership." Maj. 22.

This holding would seriously undercut the institutional autonomy of all expressive associations. Before asserting a freedom of association claim, these non-profit associations would face an unusual *scienter* requirement, requiring them to show that an action or position they take is supported by their members. This is plainly not the law. Indeed, the Supreme Court rejected this approach in *Boy Scouts of America v. Dale*, 530 U.S. 640, 655 (2000). Rather, it was enough that "The Boy Scouts

3

takes an official position," *id.*—a position determined by the organization's leadership and not by its ordinary members.

Because of the importance of this issue to all expressive organizations, counsel intends to present a second question for *en banc* review:

> When assessing the burden of a law on an expressive association, should a court examine the law's impact, not on the association itself as determined by the association's duly constituted leadership, but on the association's rank-and-file members?

2.  To present both questions effectively, counsel needs more words. Counsel intends to show that the 47-page majority opinion conflicts with Supreme Court precedent on both questions presented, as well as more fully explain the importance of both questions. After drafting for much of the past ten days, counsel has determined that, while the 3,900-word limit would be sufficient for the first question, an additional 1,000 words is necessary to adequately address the second question.

As the Court is aware, *en banc* petition is one of the shortest documents allowed by the Federal Rules of Appellate Procedure. Adding an additional 1,000 words in this case will aid the Court's consideration of both questions without meaningfully adding to the Court's workload.

Thus, to enhance the quality of the forthcoming petition, counsel respectfully requests the word limit be increased by approximately 25 percent, to 4,900 words.

                                Respectfully Submitted,

                                GENE C. SCHAERR
                                 *Counsel of Record*
                                MICHAEL T. WORLEY
                                SCHAERR | DUNCAN LLP
                                1717 K Street NW, Suite 900
                                Washington, DC  20006
                                (202) 787-1060
                                gschaerr@schaerr-duncan.com

        *Attorneys for Utah Republican Party*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. (27)(d)(1) and the type style requirements of Fed. R. App. P. 32(a)(6) and Fed. R. App. P. (27)(d)(1) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook, size 14-point. This motion complies with the type-volume limitation of Fed. R. App. P. (27)(d)(2) because it contains 1,070 words.

<u>/s/ Gene C. Schaerr</u>

*Attorney for Utah Republican Party*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify counsel for Appellee Spencer J. Cox and Plaintiff-Intervenor Utah Democratic Party.

<u>/s/ Gene C. Schaerr</u>

*Attorney for Utah Republican Party*

## CERTIFICATE OF DIGITAL COMPLIANCE

I, Gene C. Schaerr, certify that, in relation to the Motion to Exceed Word Limit for Rehearing and Rehearing En Banc filed in *Utah Republican Party v. Cox*, Nos. 16-4091 and 16-4098, that:

(1) all required privacy redactions have been made (see 10th Cir. R. 25.5),

(2) any required paper copies to be submitted to the court are exact copies of the version submitted electronically (see ECF User Manual, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12) and,

(3) the electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses (see ECF User Manual, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12)

*/s/ Gene C. Schaerr*

*Attorney for Utah Republican Party*
